IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SEAN C. HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:11-04075-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Sean C. Harrison seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and his application for supplemental security income (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. Harrison contends he is entitled to benefits because he is unable to work due to mental illness. The Administrative Law Judge ("ALJ") denied Harrison's applications for benefits, finding that substance abuse was a material factor contributing to his disability, and that if he stopped abusing drugs he would be able to perform a significant number of jobs in the national economy.

Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3). After independent review of the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Harrison filed his application for disability benefits on September 26, 2007, and his application for supplemental security income on October 19, 2007. He alleges he became disabled on September 1, 2007, when he was twenty-nine years-old. R. at 10, 107. He alleges disability based on depression, bipolar disorder, generalized anxiety disorder, panic disorder, insomnia, and hepatitis C. R. at 13. In the last fifteen years, Plaintiff has worked as a housekeeper, maintenance man, custodian, manager for a pizza chain, telephone interviewer, cook, and stocker. R. at 20, 34. He has not worked since September 1, 2007. R. at 13.

After reviewing the record and conducting a hearing, the ALJ found Plaintiff was not disabled because substance abuse was a material factor contributing to his disability. The ALJ held that if Harrison stopped using drugs he would be able to perform light work, albeit with numerous restrictions, and that he could perform a significant number of jobs in the national economy.

Plaintiff contends the ALJ erred in this finding, and that he should have found that his mental impairments would preclude him from working at any exertional level. The Court holds the ALJ's determination that Harrison's substance abuse was a material factor contributing to his disability is supported by substantial evidence on the record.

Under the Act, "An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subchapter) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(j). Drug addiction or alcoholism is "material" if the individual would not be disabled if he stopped abusing alcohol or drugs. 20 C.F.R. §§ 404.1535, 416.935. The applicant bears the burden of proving that he would still be disabled if he were to stop using drugs or alcohol. *Vester v. Barnhart*, 416 F.3d 886, 888 (8th Cir. 2005).

3

The Court finds Harrison has not met this burden.  Harrison argues his substance abuse after the alleged onset date is not material because "any relapses" were the result of his mental impairments.  Pl.'s Br. (Doc. 17) at 8.  Nothing in the record, however, supports this argument.  No physician ever found that his post-onset-date drug usage was either a symptom of, or attributable to, his mental impairments.  R. at 233-354.

Additionally, although Harrison testified at his hearing that he had been clean since 2006, R. at 19, 36, it is clear that he has used drugs extensively since the alleged onset date.  Harrison sought treatment for alcohol, heroin, opiates, and marijuana abuse in August of 2006, R. at 330, and periodically sought treatment at several locations between 2006 and 2009.  R at 233-354.  In June of 2009, Harrison admitted to one physician that he was using heroin, pain pills, and crack daily through February 2008.  R. at 323.  And on multiple occasions in 2009, he claimed sobriety for one to two years to one health-care provider, only to have urine tests run by another health-care provider test positive for cocaine.  R. at 286-93, 318, 321.  The record also indicates he misrepresented and minimized his drug use to medical providers with whom he was hoping to bolster his disability claim.  R. at 259, 286-93, 310-12, 318, 321.  He even told one medical provider that he could not maintain employment because he would relapse and not show up for work or would arrive to work "stoned."  R. at 252.

Consequently, substantial evidence on the record supports the ALJ's finding that Harrison's substance abuse was a material factor contributing to his disability.

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: September 20, 2012   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT